T.C. Summary Opinion 2006-101


UNITED STATES TAX COURT


RANDY GENE AND KATHIE J. SHREVE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1177-05S.                    Filed July 10, 2006.


Randy Gene and Kathie J. Shreve, pro se.

<u>Robert W. Dillard</u>, for respondent.


WELLS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

Respondent determined a deficiency in Federal income tax for petitioner's 2002 taxable year. After concessions,[1] the sole issue for decision is whether certain disability benefits received by petitioner Randy Gene Shreve (petitioner) under a workmen's compensation act are includable in gross income pursuant to section 86(a).

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of fact are incorporated in this opinion by reference and are found as facts in the instant case. At the time of filing the petition in the instant case, petitioners resided in Fernandina Beach, Florida. Petitioner is disabled and receives disability benefits from the Social Security Administration and under a workmen's compensation act (workmen's compensation act). Petitioners filed their 2002 tax return but did not report as income any Social Security disability benefits. However, based on a Form SSA-1099, Social Security Benefit Statement, respondent determined that petitioner had received $7,537 in taxable disability benefits during 2002, of which the Social Security Administration directly paid petitioner $1,512 and the remainder was received under a workmen's compensation act. In the notice of deficiency sent to

_____

[1]At trial, petitioners conceded that they owe tax on certain interest income and a State tax refund.

petitioner, respondent determined that petitioner's disability benefits were taxable. Petitioners timely petitioned this Court.

## Discussion

Petitioner contends that the disability benefits petitioner received under a workmen's compensation act are not taxable because they were not paid by the Social Security Administration. We disagree.

Gross income includes all income from whatever source derived unless excluded by a provision of the Internal Revenue Code. Sec. 61(a). Section 86(a) provides that gross income includes Social Security benefits in an amount equal to a prescribed formula.[2] Social Security benefits mean any amount received by a taxpayer by reason of entitlement to a monthly benefit under title II of the Social Security Act. Sec. 86(d)(1)(A). Title II of the Social Security Act provides for disability benefits. See 42 U.S.C. secs. 401-434 (2000).

Prior to 1984, disability payments received by a taxpayer who retired due to a permanent disability were excluded from gross income pursuant to section 105(d). The Social Security Amendments of 1983, Pub. L. 98-21, sec. 122(b), 97 Stat. 87, repealed section 105(d) and the limited exclusion of disability

---

[2]Petitioners have not challenged the formula provided in sec. 86(a).

benefits for tax years beginning after 1983.  Since 1984, Social Security disability benefits have been taxed in the same manner as other Social Security benefits and subject to tax pursuant to section 86.  Sec. 86(d)(1); Thomas v. Commissioner, T.C. Memo. 2001-120 (and cases cited therein).  A reduction of Social Security disability benefits due to the receipt of benefits under a workmen's compensation act does not reduce the total amount of taxable Social Security benefits.  Sec. 86(d)(3); Mikalonis v. Commissioner, T.C. Memo. 2000-281.  Accordingly, we hold the amounts petitioner received under the workmen's compensation act are includable in their gross income as taxable Social Security disability benefits.

To reflect the foregoing,

Decision will be entered for respondent.